UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-60918-CV-SEITZ/Turnoff

AMADO VALE,

    Plaintiff,

vs.

J&J POOL AND BEACH SERVICES,
INC., and JOSEPH POU,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON JOINT MOTION
## FOR APPROVAL AND DISMISSAL WITH PREJUDICE

**THIS CAUSE** came before the Court for a fairness hearing upon the Joint Motion for Approval and Dismissal With Prejudice. (ECF No. 59). This matter was referred to the undersigned for a fairness hearing by the Honorable Patricia A. Seitz, United States District Judge for the Southern District of Florida. A hearing on this matter was held before the undersigned on September 15, 2016. (ECF No. 60). Upon review of the Joint Motion, the record, the applicable law, and being otherwise duly advised in the premises, the undersigned makes the following findings of facts and conclusions of law.

### Background

Plaintiff Amado Vale sued his former employer, Defendants J&J Pool and Beach, Inc., and Joseph M. Pou for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* By way of summary, Plaintiff alleged that he was employed by Defendants from June 19, 2011, to January 24, 2016, when he was terminated in retaliation for complaining of Defendants'

failure to pay overtime wages.

According to the statement of claim, Plaintiff sought $40,740.00 in liquidated unpaid overtime wages (ECF No. 17), based upon an hourly rate of $14.00, and an overtime rate of $21.00 per hour. Plaintiff estimated that he worked 10 overtime hours on a weekly basis, as "off the clock" hours, during the entire length of his employment.

On May 5, 2016, Defendants filed a Motion to Disqualify the Law Firm of Remer & Georges-Pierre, PLLC, and Plaintiff's Counsel and Motion for Stay of Proceedings Pending Ruling on Motion to Disqualify. [*sic*]. (ECF No. 15). According to Defendants, in 2011, the law firm of Remer & Georges-Pierre represented Defendants in an overtime claim against them in a substantially related case, thus raising an irrefutable presumption that they had obtained relevant confidential information. Defendants moved for sanctions against Remer & Georges-Pierre, PPLC, pursuant to Rule 11 (ECF No. 22), which Plaintiff moved to strike. (ECF No. 32, 33). Judge Seitz denied the sanctions motion. (ECF No. 38).

On June 9, 2016, Plaintiff's counsel filed a stipulation for substitution of counsel making Chad Levy counsel for Plaintiff. (ECF No. 35).

On June 22, 2016, Plaintiff filed an Amended Complaint (ECF No. 43), followed by a Notice of Settlement on August 29, 2016. (ECF No. 55). The parties then filed the instant Joint Motion to Approve Settlement and to Dismiss Case With Prejudice. (ECF No. 59).

### Discussion

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Lynn Food Stores, Inc. v. United States, 679 F.2d 1350,

1353-55 (11th Cir. 1982) (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed.2d 1114 (1946)).

> In Lynn Foods, the Eleventh Circuit explained:
>
> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

This action was litigated from April through September, 2016. Plaintiff alleged that he was employed by Defendants for approximately four-and-a-half years, which Defendants admitted. However, Defendants disputed that Plaintiff was owed any monies. (ECF No. 14).

As noted above, the parties reached a settlement, which the Court has carefully reviewed. Moreover, at the fairness hearing, the undersigned questioned the parties regarding the settlement and the attorney's fees. The undersigned is satisfied that the settlement constitutes a fair resolution of all of Plaintiff's claims, and that the settlement amount has been fairly split between Plaintiff and counsel.

## Conclusion

Consistent with the foregoing, the undersigned finds that the above settlement is fair and reasonable under the circumstances of this case. It is, therefore, **RESPECTFULLY RECOMMENDED** that the Joint Motion for Approval of Settlement and for Dismissal With

Prejudice (ECF No. 59) be **GRANTED**.

It is **FURTHER RESPECTFULLY RECOMMENDED** that the settlement be **ADOPTED**, that the Court retain jurisdiction for purposes of enforcement, and that the case be **DISMISSED with prejudice**.

Pursuant to S.D. Fla. Magistrate Rule 4(b), the parties may serve and file written objections with Judge Seitz, within fourteen (14) days of being served with a copy of this Report and Recommendation. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. Loconte v. Dugger, 847 F. 2d 745 (11th Cir. 1998); RTC v. Hallmark Builders, Inc. 996 F. 2d 1144, 1149 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida, on this ___ day of September 2016.

                                      **WILLIAM C. TURNOFF**
                                      **United States Magistrate Judge**

cc: Hon. Patricia A. Seitz
All Counsel of Record